UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-81020-CIV-MARRA

LLANO FINANCIAL GROUP, LLC, a
Texas limited liability company,

    Plaintiff,

vs.

WILLIAM P. SMITH, an individual,

    Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiff's Motions to Remand (DE 15 and 16); Defendant's Motion to Dismiss Plaintiff's Complaint and Motion to Strike Claim for Attorney's Fees and Costs (DE 9) and Plaintiff's Motion for Leave to Amend Complaint (DE 22). The Court has carefully considered the Motions and is otherwise fully advised in the premises.

I. Background

On July 22, 2015, Defendant William P. Smith ("Defendant") filed a Notice of Removal of Plaintiff Llano Financial Group, LLC's ("Plaintiff") state court complaint, which brought claims for negligence (count one); negligent misrepresentation (count two) and false information negligently supplied for the guidance of others (count three) against Defendant. The state court complaint was filed on June 22, 2015. (Compl., DE 1.) According to the Complaint, Defendant is a real estate appraiser to lenders in the mortgage loan application process. (Compl. ¶ 7.) Defendant did not meet his standard of care and overvalued real property at 3456 S. Ocean Boulevard, 602, Palm Beach, Florida 33480 in the amount of $575,000.00. (Compl. at ¶ ¶ 9, 19-

22.) Plaintiff is an assignee of the entity that acquired title of the real property following the foreclosure sale on May 19, 2011. (Compl. ¶ 15.) On August 2, 2011, the property sold for $250,000.00. (Compl. ¶ 17.) As a result, Plaintiff suffered damages in the amount of $416,031.24. (Compl. ¶ 22.)

On September 25, 2015, Plaintiff filed a motion to amend the Complaint. (DE 22.) Plaintiff's proposed amended complaint brings one count for false information negligently supplied for the guidance of others (professional negligence without privity based on Restatement of Torts Second § 522). Defendant opposes this request, contending that this claim is barred by the statute of limitations, among other grounds.

II. Discussion

Rule 15(a) of the Federal Rules of Civil Procedures provides that a party may amend the party's pleading by leave of court or by written consent of the adverse party and that the Court "should freely give leave when justice so requires." In construing Rule 15(a), the Supreme Court has held that:

> In the absence of any apparent or declared reason–such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see Bowers v. U.S. Parole Com'n, Warden, 760 F.3d 1177, 1185 (11th Cir. 2014) ("District courts have limited discretion in denying leave to amend, and should grant a motion to amend unless there are substantial reasons to deny it.") (internal marks omitted).

Defendant contends that amending the Complaint is futile because the sole claim in the

amended complaint is barred by the statute of limitations. To be sure, if the statute of limitations has run, any amendment would be futile. See Brewer–Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1284–85 (11th Cir. 2000), abrogated on other grounds, Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154 (2010) (finding no error in the district court's decision that an amendment would have been futile on statute of limitations grounds). Here, the parties agree that the statute of limitations is four years.

The parties do, however, disagree as to whether Florida's delayed discovery doctrine applies. The Court finds that it does. Lehman Brothers v. Phillips, 569 F. App'x 814, 817 (11th Cir. 2014) (finding that it is "bound by Florida's 'discovery rule'"). "The 'delayed discovery' doctrine generally provides that a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action." Hearndon v. Graham, 767 So. 2d 1179, 1184 (Fla. 2000); Kipnis v. Bayerische Hypo-Und Vereinsbank, AG, 784 F.3d 771, 781 (11th Cir. 2015) (same).

The parties also disagree as to when Plaintiff's claim accrued. Plaintiff contends the claim accrued at the time the property was sold in an arms-length transaction to a third party on August 2, 2011. (DE 26 at 4.) In contrast, Defendant argues that the latest Plaintiff's claim could have accrued was May 19, 2011, at the time the property was re-acquired at the foreclosure sale by Plaintiff's assignor.

The Court looks to First Mutual Group v. Klein, Case No. 14-CV-14462-DMM (S.D. Fla. June 19, 2015) for guidance. In Klein, an assignee of the original lender, sued the property appraiser for a faulty appraisal he prepared in 2005. The borrower defaulted on the loan, and the property sold at a May 19, 2010 foreclosure sale for significantly less than the appraised value.

3

Id. at 2.  On June 21, 2010, the lender sold its rights to Plaintiff, who alleged it did not discover the faulty appraisal until May 12, 2014, when it conducted an independent review of the appraisal.  Id.  The court found that the cause of action began to run when the plaintiff's predecessor suffered loss at the foreclosure sale in May of 2010.  Id. at 9; see also First Mut. Group, LP v. Muricano, Case No. 14-24169-Gayles/Turnoff, 2015 U.S. Dist. LEXIS 112591, at * 6 ("as the successor-in-interest Plaintiff was under the same obligation as the original lender—to investigate any causes of action from the point that foreclosure proceedings concluded").

The Court agrees with the approach taken by the Klein court.  At the time Plaintiff's assignor acquired the property at the foreclosure sale, it should have been aware of the loss and therefore should have examined the appraisal report.  Lehman Bros., 569 F. App'x at 817-18 (to decide otherwise would make "the statute of limitations [] completely dependent on an indefinite date entirely within [the plaintiff's] control.")  To hold otherwise would allow a party with a stale claim to either resurrect or extend the limitations period for that claim merely by assigning or transferring the claim, or the property which is the subject of the claim, to a third party.  Plaintiff must stand in the shoes of the party who possessed the claim at the time it first accrued, and it must have initiated this claim within the limitations period as measured from that date of accrual.  It would be inconsistent with the underlying rationale of a statute of limitations to allow a party with a stale claim to circumvent the limitations period merely by assignment or transfer of the claim, or the property which is the subject of the claim, to another party.  As such, the Court finds that the statute of limitations began to run no later than May 19, 2011 and the claim is barred by the statute of limitations, making the amended Complaint futile.

Because the Court is not granting the motion to amend the Complaint, the Court must

now turn to Defendant's motion to dismiss the original Complaint.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Based on the foregoing discussion regarding the statute of limitations, the Court finds that

the Complaint must be dismissed.[1] [2]

### III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Plaintiff's Motions to Remand (DE 15 and 16) are **DENIED.**

2) Defendant's Motion to Dismiss Plaintiff's Complaint and Motion to Strike Claim for Attorney's Fees and Costs (DE 9) is **GRANTED.**

3) Plaintiff's Motion for Leave to Amend Complaint (DE 22) is **DENIED**.

4) The Case is closed and all pending motions are denied as moot.

5) The Court will separately enter judgement for Defendant.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of October, 2015.

_____
KENNETH A. MARRA
United States District Judge

---

[1] The Court rejects Plaintiff's argument that because statute of limitations is an affirmative defense, it is not required to negate it in the Complaint. A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate if it is "apparent from the face of the complaint" that the claim is time-barred. Omar v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003).

[2] Plaintiff has also filed a motion to remand, which the Court denies. Plaintiff invokes the "forum defendant rule." However, that rule is procedural and not jurisdictional in nature. Plaintiff failed to file its motion to remand within 30 days of removal, thus waiving its right to seek remand. Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1372 n.4 (11th Cir. 1998) ("removal of a case with resident defendants is a procedural defect [which] is waivable"); 28 U.S.C. § 1447 ("motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal"). Defendant has adequately shown diversity of citizenship. See Notice of Removal; DE 20-2-DE 20-5.